# Exhibit A

NYSCEF
Suffolk County Supreme Court

**Document List**
**Index # 630810/2026**

Created on:11/05/2026 04:59 PM

Case Caption: **Rueben Andrade et al v. Mamamancinis, Inc. et al**
Judge Name:

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS + COMPLAINT | Processed | 10/16/2026 | Ghosh, J. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------X
RUBEN ANDRADE, individually, and on behalf of others similarly situated,

Plaintiff,

vs.

MAMAMANCINIS INC., MAMA'S CREATIONS, INC., CROWN 1 FOODS, INC.,

Defendants.
-------------------------------------------X

Index No.:
**SUMMONS**

To the above-named Defendants:

**PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to answer the Complaint of the Plaintiff herein and to serve a copy of your Answer on the Plaintiff's attorney at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if this Summons is not delivered personally to you within the State of New York.

**YOU ARE HEREBY NOTIFIED THAT** should you fail to answer, a judgment will be entered against you by default for the relief demanded in the Complaint.

Venue is proper because Plaintiff was employed at the Defendants' location in Suffolk County and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Suffolk County.

Dated: October 16, 2026

***LAWYERS for JUSTICE, P.C.***
*/s/ Joanna Ghosh*
Joanna Ghosh
*Attorneys for Plaintiff and the Putative Class*
***Mailing Address***:
217 Broadway, Suite 511
New York, New York 10007
joanna@calljustice.com

**Defendants' Address:**

MAMAMANCINIS INC.
25 Branca Road
East Rutherford, New Jersey 07073

MAMA'S CREATIONS, INC.
355 Murray Hill Parkway
East Rutherford, New Jersey 07073

CROWN 1 FOODS, INC.
c/o CT Corporation System
28 Liberty Street
New York, New York 10005

**SUPREME COURT OF THE STATE OF NEW YORK**
**FOR THE COUNTY OF SUFFOLK**

| | |
|---|---|
| RUBEN ANDRADE, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MAMAMANCINIS INC., MAMA'S CREATIONS, INC., CROWN 1 FOODS, INC.,<br><br>Defendants. | Index No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff RUBEN ANDRADE ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to themselves and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This is a collective action and class action brought to remedy violations of New York state wage-and-hour laws by Defendants (as defined herein).

2. Defendants operate a commercial food manufacturing business throughout the United States and in New York.

3. At all relevant times set forth herein, Defendants employed Plaintiff and other similarly situated persons as hourly non-exempt workers, as well as salaried employees misclassified by Defendants as "exempt." Defendants continue to employ workers throughout the United States and in New York.

4. Defendants have engaged in a common practice of requiring Plaintiff and similarly situated employees to work without proper pay, including overtime work. Upon information and belief, Defendants knew or should have known that Plaintiff and Class Members were entitled to receive minimum, regular, and overtime wages for all hours worked and that they were not receiving minimum, regular, and overtime wages for all hours worked.

5. Defendants knew or should have known that Plaintiff and similarly situated employees were entitled to reimbursement of all necessary business-related expenses and that they were not being reimbursed for all necessary business-related expenses.

6. Upon information and belief, at all relevant time periods, Defendants knew or should have known that they had a duty to provide Plaintiff and similarly situated employees with compensation due to them under the law, and Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, all in order to increase Defendants' profits.

7. Plaintiff also seeks to recover unpaid compensation on behalf of similarly situated employees pursuant to the New York labor law, including, *inter alia*, Article 6, § 190, *et seq.*, Article 19, § 650, *et seq.*, and applicable Wage Orders (collectively, "NYLL").

## THE PARTIES

***Plaintiff Ruben Andrade***

8. Plaintiff RUBEN ANDRADE is an individual over the age of eighteen, and at all times relevant to this Complaint, was a resident of the State of New York, County of Suffolk.

9. Plaintiff is a covered employee within the meaning of the FLSA, NYLL and applicable Wage Orders.

10. Plaintiff was employed as an "exempt" worker for Defendants at the Bay Shore location, from approximately September 2025 to approximately March 2026, and as a non-exempt hourly worker, from approximately March 2026 to approximately April 2026.

11. Plaintiff regularly worked off the clock for Defendants' benefit performing tasks before clocking in for a shift, during what should have been a duty-free meal break, and after clocking out of a shift.

12. Plaintiff regularly worked off the clock and worked overtime and was not compensated for all hours worked.

13. Defendants failed to pay straight time or overtime wages to Plaintiff for the off-the-clock work they performed in multiple workweeks, including, *inter alia*, workweeks in which Plaintiff's work exceeded 40 total hours, inclusive of both recorded and off-the-clock work.

***Defendants***

14. Defendant MAMAMANCINIS INC., at all times herein mentioned, was and is, upon information and belief, an employer that employs and/or otherwise engages workers in the State of New York, including the County of Suffolk.

15. Defendant MAMA'S CREATIONS, INC., at all times herein mentioned, was and is, upon information and belief, an employer that employs and/or otherwise engages workers in the State of New York, including the County of Suffolk.

16. Defendant CROWN 1 FOODS, INC., at all times herein mentioned, was and is, upon information and belief, an employer that employs and/or otherwise engages workers in the State of New York, including the County of Suffolk.

17. At all relevant times, MAMAMANCINIS INC., MAMA'S CREATIONS, INC., and CROWN 1 FOODS, INC. were the "employer" of Plaintiff, FLSA Collective Members, and Class Members within the meaning of all applicable state and federal laws and statutes.

18. Upon information and belief, MAMAMANCINIS INC., MAMA'S CREATIONS, INC., and CROWN 1 FOODS, INC. are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

19. The true names and capacities, whether corporate, associate, individual or otherwise, of all defendants legally responsible for the events and happenings referred to in this Complaint are unknown. Said defendants unlawfully caused the injuries and damages to Plaintiff,

FLSA Collective Members, Hourly Class Members, and Salaried Class Members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained. Said defendants, MAMAMANCINIS INC., MAMA'S CREATIONS, INC., CROWN 1 FOODS, INC. are herein collectively referred to as "Defendants."

20. At all times herein relevant, Defendants, and each of them, were the agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators, and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators, and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and consent of each defendant designated herein.

21. At all times relevant, Defendants maintained control, oversight, and direction over Plaintiff and similarly situated employees. This consisted of maintaining operations, employment, timekeeping, and payroll records and systems; supervising and directing their work; evaluating their work using various performance metrics; and tracking the tasks they performed.

22. Defendants apply the same operations and employment policies, practices, and procedures to all FLSA Collective Members, Hourly Class Members, and Salaried Class Members.

23. Plaintiff is informed and believes, and based thereon alleges, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

24. At all relevant time periods, Defendants have been employers, both jointly and in their individual capacities, within the meaning of the FLSA under 29 U.S.C. § 203(d).

25. At all relevant time periods, Plaintiff and FLSA Collective Members were and/or are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

26. At all relevant time periods, Plaintiff and FLSA Collective Members were and/or are employees who engaged in commerce or in the production of goods for commerce and/or employed in an enterprise engaged in the production of goods for commerce, as required by 29 U.S.C. § 207.

27. At all relevant time periods, Defendants have been an enterprise within the meaning of the FLSA, under 29 U.S.C. § 203.

## JURISDICTION AND VENUE

28. This action is brought pursuant to 29 U.S.C. § 216(b) and Article 9 of the NY CPLR. The monetary damages sought by Plaintiff exceed the minimal jurisdiction limits of this Court and will be established according to proof at trial.

29. This Court has jurisdiction pursuant to NY CPLR § 301.

30. Defendants are subject to personal jurisdiction in New York because, among other things, Defendants regularly transact or transacted business in the State and have committed acts within the State that have caused injury to persons and/or property within the State.

31. This Court is empowered to issue a declaratory judgment pursuant to NY CPLR § 3001.

32. Venue is proper in this County pursuant to NY CPLR § 509.

## FLSA COLLECTIVE ACTION ALLEGATIONS

33. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), Plaintiff brings this action on their own behalf, as well as on behalf of each and all other persons similarly situated, and thus seeks to prosecute the FLSA claims as a collective action on behalf of:

> **HOURLY FLSA COLLECTIVE:** All current and former hourly-paid or non-exempt employees who worked for Defendants in the State of New York at any time during the period from three years prior to the filing of this Complaint to the date of final judgment in this action and who choose to opt-in to this action (referred to herein as the "Hourly FLSA Collective Members" or "Hourly FLSA Collective").

> **<u>SALARIED FLSA COLLECTIVE</u>:** All current and former salaried managers, or persons who held similar job titles and/or performed similar job duties, misclassified as "exempt" who worked for Defendants in New York at any time during the period from three years prior to the filing of this Complaint to the date of final judgment in this action and who choose to opt-in to this action (referred to herein as the "Salaried FLSA Collective Members" or "Salaried FLSA Collective").

34. The Hourly FLSA Collective and Salaried FLSA Collective shall be referred to jointly as "FLSA Collective" or "FLSA Collective Members."

35. Plaintiff brings this action on behalf of the FLSA Collective Members as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff reserves the right to establish additional subclasses as appropriate.

36. Plaintiff consents in writing to opt-in to this action, as required by 29 U.S.C. § 216(b). Like Plaintiff, each potential member of the FLSA Collective must sign a written consent to join this action, indicating a willingness to participate in the lawsuit and be bound by the outcome as an "opt-in" plaintiff.

37. Notice of the pendency and any resolution of this action can be provided to potential FLSA Collective Members by mail, print, internet, and/or telephone text message publication.

38. There is a well-defined community of interest in the litigation and the potential FLSA Collective Members are readily ascertainable.

39. There are common questions of law and fact as to the FLSA Collective that predominate over questions affecting only individual members, including and not limited to:

a. Whether Defendants required Plaintiff and FLSA Collective Members to work over forty (40) hours per week and failed to pay legally required overtime compensation to them;

b. Whether Defendants misclassified Plaintiff and Salaried FLSA Collective Members as "exempt" in violation of the FLSA and thereby failed to pay them all overtime wages earned;

///

c. Whether Defendants required Plaintiff and Hourly FLSA Collective Members to work off the clock and thereby failed to pay legally required wages to Plaintiff and Hourly FLSA Collective Members for all hours worked;

d. Whether Defendants failed to reimburse Plaintiff and FLSA Collective Members for all necessary business expenses incurred;

e. Whether Defendants' conduct was willful; and

f. Whether Plaintiff and FLSA Collective Members have sustained damages, and if so, what is the proper measure of those damages.

40. Defendants' unlawful conduct has been widespread, repeated, and consistent.

41. The FLSA Collective Members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ALLEGATIONS
**(As to the Hourly Class)**

42. Plaintiff brings this action under NY CPLR § 901, individually and on behalf of all other persons similarly situated, and thus seeks to prosecute the claims as a class action on behalf of:

> **HOURLY CLASS:** All current and former hourly-paid or non-exempt employees who worked for Defendants in New York during the period from six years prior to the filing of this Complaint to the date of final judgment in this action (the "Hourly Class Members" or "Hourly Class").

43. Plaintiff reserves the right to establish subclasses as appropriate.

44. The Hourly Class Members are ascertainable, and there is a well-defined community of interest in the litigation.

***Numerosity and Ascertainability***

45. The membership of the entire Hourly Class is unknown to Plaintiff at this time. However, upon information and belief, the Hourly Class is estimated to consist of approximately fifty (50) or more individuals.

46. The number of Hourly Class Members is so numerous that joinder of all Hourly Class Members is impracticable.

47. Class Members are readily ascertainable. The number and identity of Hourly Class Members are determinable from Defendants' records. The positions held and the rates of pay for each Hourly Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under applicable law.

***Common Questions of Law and/or Fact***

48. The claims of Plaintiff and Hourly Class Members arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories. There are questions of law and fact common to the Plaintiff and Hourly Class Members that predominate over any questions affecting only individual members of the Hourly Class. These common questions of law and fact include, without limitation:

a. Whether Defendants had a policy of failing to pay Plaintiff and Hourly Class Members for all time that they work;

b. Whether Defendants correctly calculated and compensated Plaintiff and Hourly Class Members for hours worked in excess of forty (40) per workweek;

c. Whether Defendants failed to compensate Plaintiff and Hourly Class Members for all hours worked, including minimum, regular, and overtime wages to which they were entitled by law;

d. Whether Defendants paid Plaintiff and Hourly Class Members at the proper wage rate for all hours worked;

e. Whether Defendants failed to provide Plaintiff and Hourly Class Members with meal and/or rest breaks to which they are entitled by law, requiring them to perform work during meal and/or rest breaks without proper compensation;

f. Whether Defendants failed to timely pay all wages due to Plaintiff and Hourly Class Members during their employment;

g. Whether Defendants failed to timely pay all wages due to Plaintiff and Hourly Class Members upon the end of their employment;

h. Whether Defendants failed to keep contemporaneous, complete, true and accurate records pertaining to Plaintiff and Hourly Class Members, as required by law, including, *inter alia,* hours worked, rates of pay, gross wages, all deductions, allowances, if any, and amount of sick leave provided to each employee for each pay period;

i. Whether Defendants failed to furnish Plaintiff and Hourly Class Members with an accurate wage notice upon hire;

j. Whether Defendants failed to furnish Plaintiff and Hourly Class Members with an accurate itemized wage statement, as required by law, indicating, *inter alia*, wages, hours worked, rates paid, and gross wages;

k. Whether Defendants failed to pay Plaintiff and Hourly Class Members legally required wages by requiring Plaintiff and Hourly Class Members to incur employer and/or business-related expenses and failing to reimburse for them;

l. Whether Defendants failed to adequately reimburse Plaintiff and Hourly Class Members for uniforms that Defendants required them to purchase and wear;

m. Whether Defendants required Plaintiff and Hourly Class Members to maintain uniforms but failed to properly pay Plaintiff and Hourly Class Members uniform maintenance pay;

n. Whether Defendants had actual or constructive knowledge of the facts set forth herein;

o. Whether Defendants' conduct alleged herein was willful, intentional, and/or reckless; and

///

p. The proper formula for calculating damages owed to Plaintiff and Hourly Class Members as alleged herein, including the nature and extent of Plaintiff and Hourly Class Members' injuries, damages, and loss, and the appropriate measure of compensation for such injuries, damages, and loss.

***Typicality***

49. Plaintiff's claims are typical of those claims which could be alleged by Hourly Class Members, and the relief sought is typical of the relief which would be sought by Hourly Class Members in separate actions.

50. All Hourly Class Members were subject to the same practices of Defendants, as alleged herein, including inter alia, failing to pay required wages (including and not limited to, for off-the-clock work), failing to timely pay wages, failing to maintain records, and failing to provide proper wage statements and notices.

51. Plaintiff and Hourly Class Members have all sustained similar types of damages as a result of Defendants' failure to comply with applicable law.

52. Plaintiff and Hourly Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Hourly Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Hourly Class Members.

53. Plaintiff and Hourly Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

***Adequacy***

54. Plaintiff is able to fairly and adequately represent and protect the interests of the Hourly Class Members, and Plaintiff's interests do not conflict with the interests of the Hourly Class Members.

///

55. Plaintiff is represented by counsel who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

***Superiority***

56. A class action is superior to other available means for the fair and efficient adjudication of this controversy – particularly in the context of wage and hour litigation like the present action, where individual members of the Hourly Class may lack the financial resources to vigorously prosecute a lawsuit in court against a defendant. Individual joinder of all Hourly Class Members is not practicable, and questions of law and fact common to Plaintiff and Hourly Class Members predominate over any questions affecting only individual members of the Hourly Class. Individualized litigation increases the delay and expense to all parties and the Court. By contrast, class action treatment will allow similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

57. The prosecution of separate actions by the individual Hourly Class Members would create a risk of inconsistent or varying adjudication with respect to individual Hourly Class Members, and, in turn, would establish incompatible standards of conduct for Defendants.

58. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

**CLASS ALLEGATIONS**
**(As to the Salaried Class)**

59. Plaintiff brings this action under NY CPLR § 901, individually and on behalf of all other persons similarly situated, and thus seeks to prosecute the claims as a class action on behalf of:

> **SALARIED CLASS:** All current and former salaried managers, or persons who held similar job titles and/or performed similar job duties, misclassified as "exempt" who worked for Defendants in New York during the period from six years prior to the filing of this Complaint to the date of final judgment in this action (the "Salaried Class Members" or "Salaried Class").

60. Plaintiff reserves the right to establish subclasses as appropriate.

61. The Salaried Class Members are ascertainable, and there is a well-defined community of interest in the litigation.

*Numerosity and Ascertainability*

62. The membership of the entire Salaried Class is unknown to Plaintiff at this time. However, upon information and belief, the Salaried Class is estimated to consist of approximately fifty (50) or more individuals.

63. The number of putative Salaried Class Members is so numerous that joinder of all Salaried Class Members is impracticable.

64. Salaried Class Members are readily ascertainable. The number and identity of Salaried Class Members are determinable from Defendants' records. The positions held and the rates of pay for each Salaried Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under applicable law.

*Common Questions of Law and/or Fact*

65. The claims of Plaintiff and Salaried Class Members arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories. There are questions of law and fact common to the Plaintiff and Salaried Class Members that predominate over any questions affecting only individual members of the Salaried Class. These common questions of law and fact include, without limitation:

a. Whether Defendants misclassified Plaintiff and Salaried Class Members as "exempt" from the overtime requirements of the NYLL and applicable New York regulations;

b. Whether Defendants had a policy of failing to pay Plaintiff and Salaried Class Members for all time that they work;

///

c. Whether Defendants correctly calculated and compensated Plaintiff and Salaried Class Members for hours worked in excess of forty (40) per workweek;

d. Whether Defendants failed to compensate Plaintiff and Salaried Class Members for all hours worked, including minimum, regular, and overtime wages to which they were entitled by law;

e. Whether Defendants paid Plaintiff and Salaried Class Members at the proper wage rate for all hours worked;

f. Whether Defendants failed to provide Plaintiff and Salaried Class Members with meal and/or rest breaks to which they are entitled by law, requiring them to perform work during meal and/or rest breaks without proper compensation;

g. Whether Defendants failed to timely pay all wages due to Plaintiff and Salaried Class Members during their employment;

h. Whether Defendants failed to timely pay all wages due to Plaintiff and Salaried Class Members upon the end of their employment;

i. Whether Defendants failed to keep contemporaneous, complete, true and accurate records pertaining to Plaintiff and Salaried Class Members, as required by law, including, *inter alia,* hours worked, rates of pay, gross wages, all deductions, allowances, if any, and amount of sick leave provided to each employee for each pay period;

j. Whether Defendants failed to furnish Plaintiff and Salaried Class Members with an accurate wage notice upon hire;

k. Whether Defendants failed to furnish Plaintiff and Salaried Class Members with an accurate itemized wage statement, as required by law, indicating, *inter alia*, wages, hours worked, rates paid, and gross wages;

///

l. Whether Defendants failed to pay Plaintiff and Salaried Class Members legally required wages by requiring Plaintiff and Salaried Class Members to incur employer and/or business-related expenses and failing to reimburse for them;

m. Whether Defendants failed to adequately reimburse Plaintiff and Salaried Class Members for uniforms that Defendants required them to purchase and wear;

n. Whether Defendants required Plaintiff and Salaried Class Members to maintain uniforms but failed to properly pay Plaintiff and Salaried Class Members uniform maintenance pay;

o. Whether Defendants had actual or constructive knowledge of the facts set forth herein;

p. Whether Defendants' conduct alleged herein was willful, intentional, and/or reckless; and

q. The proper formula for calculating damages owed to Plaintiff and Salaried Class Members as alleged herein, including the nature and extent of Plaintiff and Salaried Class Members' injuries, damages, and loss, and the appropriate measure of compensation for such injuries, damages, and loss.

***Typicality***

66. Plaintiff's claims are typical of those claims which could be alleged by Salaried Class Members, and the relief sought is typical of the relief which would be sought by Salaried Class Members in separate actions.

67. All Salaried Class Members were subject to the same practices of Defendants, as alleged herein, including inter alia, failing to pay required wages (including and not limited to, for overtime hours worked), failing to timely pay wages, failing to maintain records, and failing to provide proper wage statements and notices.

///

68. Plaintiff and Salaried Class Members have all sustained similar types of damages as a result of Defendants' failure to comply with applicable law.

69. Plaintiff and Salaried Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Salaried Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Salaried Class Members.

70. Plaintiff and Salaried Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

***Adequacy***

71. Plaintiff is able to fairly and adequately represent and protect the interests of the Salaried Class Members, and Plaintiff's interests do not conflict with the interests of the Salaried Class Members.

72. Plaintiff is represented by counsel who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

***Superiority***

73. A class action is superior to other available means for the fair and efficient adjudication of this controversy – particularly in the context of wage and hour litigation like the present action, where individual members of the Salaried Class may lack the financial resources to vigorously prosecute a lawsuit in court against a defendant. Individual joinder of all Salaried Class Members is not practicable, and questions of law and fact common to Plaintiff and Salaried Class Members predominate over any questions affecting only individual members of the Salaried Class. Individualized litigation increases the delay and expense to all parties and the Court. By contrast, class action treatment will allow similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

74. The prosecution of separate actions by the individual Salaried Class Members would create a risk of inconsistent or varying adjudication with respect to individual Salaried Class Members, and, in turn, would establish incompatible standards of conduct for Defendants.

75. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

**COMMON FACTUAL ALLEGATIONS**
**(As to the Hourly FLSA Collective and Hourly Class)**

76. Plaintiff, Hourly FLSA Collective Members, and Hourly Class Members are current and former hourly-paid or non-exempt employees who worked for Defendants during the relevant time period.

77. At all times relevant, Plaintiff and Hourly Class Members have been employees of Defendants and Defendants have been the employer of Plaintiff and Hourly Class Members within the meaning of the NYLL § 650, et seq., and the supporting New York State Department of Labor Regulations.

78. The time that Defendants required Plaintiff, Hourly FLSA Collective Members, and Hourly Class Members to work without compensation deprived them of substantial pay to which they are entitled under the FLSA and the NYLL, including, inter alia, overtime pay for hours worked in excess of forty (40) per week.

79. Defendants are aware or should have been aware that the FLSA requires them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty (40) per workweek.

80. Under New York law, specifically NYLL § 162, employers are required to provide factory hourly, non-exempt employees working a shift of six (6) or more hours with a 60-minute duty-free, uninterrupted meal period between 11:00 a.m. and 2:00 p.m. when the shift extends over that period and a 60-minute duty-free, uninterrupted meal period at the time midway between the beginning and end of the shift when the shift starts between 1:00 p.m. and 6:00 a.m.; provide non-factory hourly, non-exempt employees working a shift of six (6) or more hours with a 30-minute

duty-free, uninterrupted meal period between 11:00 a.m. and 2:00 p.m. when the shift extends over that period and a 45-minute duty-free, uninterrupted meal period at the time midway between the beginning and end of the shift when the shift starts between 1:00 p.m. and 6:00 a.m.; and all hourly, non-exempt employees are entitled to an additional 20-minute duty-free, uninterrupted meal period between 5:00 p.m. and 7:00 p.m. for workdays that extend from before 11:00 a.m. to after 7:00 p.m.

81. Under New York law, during meal periods, employees must be completely relieved from duty and free to leave their work areas and engage in other personal pursuits, and when meal periods are interrupted, missed, and/or shortened by the performance of any work, whether active or in-active, or when the employee is prohibited from leaving their work areas and/or engaging in personal pursuits, they do not count as meal periods and must be counted and compensated by the employer as time worked.

82. Plaintiff, Hourly FLSA Collective Members, and Hourly Class Members worked off the clock for Defendants' benefit before clocking in for a shift, during what should have been a duty-free meal break, and after clocking out of a shift.

83. Defendants were aware that Plaintiff, Hourly FLSA Collective Members, and Hourly Class Members worked off the clock before clocking in for a shift, during what should have been a duty-free meal break, and after clocking out of a shift, yet Defendants failed to pay them minimum, regular, and overtime wages for all hours worked.

84. Defendants required Plaintiff, Hourly FLSA Collective Members, and Hourly Class Members to incur employer and/or business-related expenses and costs and failed to reimburse them. The unreimbursed costs constitute necessary business expenditures incurred in direct consequence of Plaintiff's, Hourly FLSA Collective Members', and Hourly Class Members' job duties or in obedience to Defendants' directions, and reduced Plaintiff's, Hourly FLSA Collective Members', and Hourly Class Members' take-home pay below the legally-required wage rates.

///

///

85. Under New York law, employers are required to pay uniform maintenance pay and reimbursement for cost of purchasing uniforms, as mandated by applicable Wage Orders, including, inter alia, 12 NYCRR § 142-2.5.

86. Plaintiff and Hourly Class Members were required to maintain uniforms but were not properly paid uniform maintenance pay.

87. Plaintiff and Hourly Class Members were required to purchase and wear uniforms but were not adequately reimbursed by Defendants for all uniforms that were required.

88. Throughout the duration of their employment, Plaintiff and Hourly Class Members received paychecks from Defendants that did not properly record or compensate them for all hours that they worked.

89. Defendants failed to pay promised wages to Plaintiff and Hourly Class Members as required by NYLL §§ 193 and 198.

90. Defendants failed to timely pay wages to Plaintiff and Hourly Class Members as required by NYLL § 191.

91. Defendants failed to adequately furnish Plaintiff and Hourly Class Members with an accurate wage notice upon hire, as required by NYLL § 195(1).

92. Defendants failed to adequately provide Plaintiff and Hourly Class Members notice of any changes to their wage notice, as required by NYLL § 195(2).

93. Defendants failed to furnish Plaintiff and Hourly Class Members with accurate itemized wage statements indicating, inter alia, wages, hours worked, rates paid, and gross wages, as required by NYLL § 195(3).

94. Defendants failed to keep contemporaneous, complete, true, and accurate records pertaining to Plaintiff and Class Members, as required by law, including, inter alia, hours worked, rates of pay, gross wages, all deductions, allowances, if any, and amount of sick leave provided to each employee for each pay period, as required by NYLL § 195(4).

///

///

95. Plaintiff is informed, believes, and based thereon alleges that Defendants' unlawful conduct has been widespread, repeated, and consistent as to Hourly FLSA Collective Members and Hourly Class Members and throughout Defendants' operations.

96. Defendants were or should have been aware that the FLSA and New York law required Defendants to pay hourly-paid or non-exempt employees for all hours worked.

97. Defendants' failure to pay hourly-paid or non-exempt employees minimum, regular, and overtime wages for all hours worked was willful, intentional, and in bad faith.

**COMMON FACTUAL ALLEGATIONS**
**(As to the Salaried FLSA Collective and Salaried Class)**

98. Plaintiff, Salaried FLSA Collective Members, and Salaried Class Members are current and former salaried employees misclassified as "exempt" who worked for Defendants during the relevant time period.

99. At all times relevant, Defendants hired Plaintiff, Salaried FLSA Collective Members, and Salaried Class Members and misclassified them as salaried "exempt" employees.

100. Defendants continue to employ "exempt" or salary-paid employees within the United States and in the State of New York.

101. At all times relevant, Defendants had the authority to hire and terminate Plaintiff, Salaried FLSA Collective Members, and Salaried Class Members, to set work rules and conditions governing Plaintiff's, Salaried FLSA Collective Members', and Salaried Class Members' employment, and to supervise their daily employment activities.

102. At all times relevant, Plaintiff and Salaried Class Members have been employees of Defendants and Defendants have been the employer of Plaintiff and Salaried Class Members within the meaning of the NYLL § 650, et seq., and the supporting New York State Department of Labor Regulations.

103. The time that Defendants required Plaintiff, Salaried FLSA Collective Members, and Salaried Class Members to work without compensation deprived them of substantial pay to which they are entitled under the FLSA and the NYLL, including, inter alia, overtime pay for hours

worked in excess of forty (40) per week, and misclassifying employees' positions as "exempt" for purposes of payment of overtime compensation when, in fact, they did not qualify as exempt according to the FLSA and the supporting New York State Department of Labor Regulations.

104. Defendants are aware or should have been aware that the FLSA requires them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty (40) per workweek.

105. Under New York law, specifically NYLL § 162, employers are required to provide factory hourly, non-exempt employees working a shift of six (6) or more hours with a 60-minute duty-free, uninterrupted meal period between 11:00 a.m. and 2:00 p.m. when the shift extends over that period and a 60-minute duty-free, uninterrupted meal period at the time midway between the beginning and end of the shift when the shift starts between 1:00 p.m. and 6:00 a.m.; provide non-factory hourly, non-exempt employees working a shift of six (6) or more hours with a 30-minute duty-free, uninterrupted meal period between 11:00 a.m. and 2:00 p.m. when the shift extends over that period and a 45-minute duty-free, uninterrupted meal period at the time midway between the beginning and end of the shift when the shift starts between 1:00 p.m. and 6:00 a.m.; and all hourly, non-exempt employees are entitled to an additional 20-minute duty-free, uninterrupted meal period between 5:00 p.m. and 7:00 p.m. for workdays that extend from before 11:00 a.m. to after 7:00 p.m.

106. Under New York law, during meal periods, employees must be completely relieved from duty and free to leave their work areas and engage in other personal pursuits, and when meal periods are interrupted, missed, and/or shortened by the performance of any work, whether active or in-active, or when the employee is prohibited from leaving their work areas and/or engaging in personal pursuits, they do not count as meal periods and must be counted and compensated by the employer as time worked.

107. Plaintiff, Salaried FLSA Collective Members, and Salaried Class Members worked off the clock for Defendants' benefit before clocking in for a shift, during what should have been a duty-free meal break, and after clocking out of a shift.

108. Defendants were aware that Plaintiff, Salaried FLSA Collective Members, and Salaried Class Members worked off the clock before clocking in for a shift, during what should have been a duty-free meal break, and after clocking out of a shift, yet Defendants failed to pay them minimum, regular, and overtime wages for all hours worked.

109. Defendants required Plaintiff, Salaried FLSA Collective Members, and Salaried Class Members to incur employer and/or business-related expenses and costs and failed to reimburse them. The unreimbursed costs constitute necessary business expenditures incurred in direct consequence of Plaintiff's, Salaried FLSA Collective Members', and Salaried Class Members' job duties or in obedience to Defendants' directions, and reduced Plaintiff's, Salaried FLSA Collective Members', and Salaried Class Members' take-home pay below the legally-required wage rates.

110. Under New York law, employers are required to pay uniform maintenance pay and reimbursement for cost of purchasing uniforms, as mandated by applicable Wage Orders, including, inter alia, 12 NYCRR § 142-2.5.

111. Plaintiff and Salaried Class Members were required to maintain uniforms but were not properly paid uniform maintenance pay.

112. Plaintiff and Salaried Class Members were required to purchase and wear uniforms but were not adequately reimbursed by Defendants for all uniforms that were required.

113. Throughout the duration of their employment, Plaintiff and Salaried Class Members received paychecks from Defendants that did not properly record or compensate them for all hours that they worked.

114. Defendants failed to pay promised wages to Plaintiff and Salaried Class Members as required by NYLL §§ 193 and 198.

115. Defendants failed to timely pay wages to Plaintiff and Salaried Class Members as required by NYLL § 191.

116. Defendants failed to adequately furnish Plaintiff and Salaried Class Members with an accurate wage notice upon hire, as required by NYLL § 195(1).

117. Defendants failed to adequately provide Plaintiff and Salaried Class Members notice of any changes to their wage notice, as required by NYLL § 195(2).

118. Defendants failed to furnish Plaintiff and Salaried Class Members with accurate itemized wage statements indicating, inter alia, wages, hours worked, rates paid, and gross wages, as required by NYLL § 195(3).

119. Defendants failed to keep contemporaneous, complete, true, and accurate records pertaining to Plaintiff and Salaried Class Members, as required by law, including, inter alia, hours worked, rates of pay, gross wages, all deductions, allowances, if any, and amount of sick leave provided to each employee for each pay period, as required by NYLL § 195(4).

120. Plaintiff is informed, believes, and based thereon alleges that Defendants' unlawful conduct has been widespread, repeated, and consistent as to Salaried FLSA Collective Members and Salaried Class Members and throughout Defendants' operations.

121. Defendants' failure to pay misclassified "exempt" employees minimum, regular, and overtime wages for all hours worked was willful, intentional, and in bad faith.

**FIRST CAUSE OF ACTION: FLSA – OVERTIME WAGES**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 207:**
**(Brought on Behalf of Plaintiff and the FLSA Collective)**

122. Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

123. The FLSA, 29 U.S.C. § 207(a)(1), provides in relevant part:

> Except as otherwise provided in this section, no employer shall employ any of his employees, who in any workweek is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

124. At all material times set forth herein, Plaintiff and FLSA Collective Members did not qualify for exempt status under the FLSA.

///

125. At all material times set forth herein, Plaintiff and FLSA Collective Members worked in excess of forty (40) hours in a workweek, however, the proper overtime compensation was not paid by Defendants.

126. At all material times set forth herein, Defendants required Plaintiff and the FLSA Collective Members to incur employer and/or business-related expenses and costs and failed to reimburse them. These unreimbursed costs constitute necessary business expenditures incurred in direct consequence of Plaintiff and FLSA Collective Members' job duties or in obedience to Defendants' directions. These unreimbursed costs reduced Plaintiff and FLSA Collective Members' take-home pay below the legally-required wage rates. Defendants' failure to pay Plaintiff and FLSA Collective Members overtime compensation and failure to reimburse all necessary business-related expenses was and is a result of a uniform policy or practice.

127. At all material times set forth herein, Defendants' failure to pay Plaintiff and FLSA Collective Members was the result of Defendants' willful, knowing, and intentional violation of the provisions of the FLSA or, alternatively, Defendants' reckless disregard for the requirements of those provisions.

128. As a result of Defendants' unlawful conduct, Plaintiff and FLSA Collective Members have suffered damages in an amount, subject to proof, to the extent they were not paid overtime wages for all overtime hours actually worked.

129. As a result of Defendants' violations of the FLSA, 29 U.S.C. § 216(b), Plaintiff and FLSA Collective Members are entitled to recover their unpaid overtime compensation as well as liquidated damages equal to the amount of unpaid compensation, interest, costs, and attorneys' fees.

///

///

///

///

///

## SECOND CAUSE OF ACTION: NEW YORK OVERTIME WAGES

**Violation of NYLL Articles 6, § 190, and 19, § 650 *et seq.*, and Supporting Regulations, including, *inter alia*, 12 NYCRR Part 142**
**(Brought on Behalf of Plaintiff and the Hourly Class)**

130. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

131. Defendants failed to pay premium overtime wages to Plaintiff and Hourly Class Members in violation of NYLL Articles 6 and 19 and their implementing regulations, including, but not limited to, 12 NYCRR Part 142.

132. Defendants have engaged in a widespread pattern, policy, and practice of violating NYLL Articles 6 and 19 and their implementing regulations, as detailed in this Complaint.

133. Plaintiff and Hourly Class Members worked over forty (40) hours in workweeks and were not compensated for all of the overtime hours worked.

134. Defendants failed to keep accurate records of time worked by Plaintiff and Hourly Class Members.

135. Defendants did not make a good faith effort to comply with New York law with respect to Defendants' compensation of Plaintiff and Hourly Class Members.

136. As a result of Defendants' violations of New York law, Plaintiff and Hourly Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other relief as provided by law pursuant to NYLL Article 6, § 190, et seq., Article 19, § 650, et seq., and the supporting regulations, including, inter alia, 12 NYCRR Part 142.

///

///

///

///

///

**THIRD CAUSE OF ACTION: NEW YORK NON-OVERTIME WAGES**
**Violation of NYLL Articles 6 and 19, § 650 *et seq.* and Applicable Wage Orders, including, *inter alia*, 12 NYCRR Part 142**
**(Brought on Behalf of Plaintiff and the Hourly Class)**

137. Plaintiff realleges and incorporates by reference all preceding allegations in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

138. Defendants have engaged in a widespread pattern, policy, and practice of violating New York law, as detailed in this Complaint.

139. Defendants failed to pay Plaintiff and Hourly Class Members non-overtime wages, including minimum and regular wages, uniform maintenance pay, and reimbursement for business expenses (e.g., uniforms, personal cellphone usage, tools), to which they are entitled under New York law, including, inter alia, NYLL Art. 19 § 650, et seq. and § 663, and the applicable Wage Order, including, inter alia, 12 NYCRR Part 142.

140. By engaging in the conduct alleged herein, Defendants willfully failed to pay Plaintiff and Hourly Class Members promised wages for all hours worked, in violation of New York labor law, including, inter alia, NYLL Article 6, §§ 193 and 198, which only permits deductions from and/or reductions of wages for certain enumerated purposes where such deduction and/or reductions are authorized in writing and for the benefit of the employee. The failure to pay promised wages constitutes wage theft as a full deduction and/or reduction from wages of an employee.

141. Defendants' failure to pay required wages to Plaintiff and Hourly Class Members as set forth above was willful within the meaning of NYLL Article 6, §§ 193 and 198.

142. Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and Hourly Class Members.

143. Defendants lacked a good faith basis, within the meaning of NYLL § 663, to believe Defendants' failure to pay Plaintiff and Hourly Class Members' minimum and regular wages complied with New York law.

144. Through their knowing or intentional failure to pay Plaintiff and Hourly Class Members wages for all hours worked at the appropriate rate, Defendants have willfully violated New York law, including, inter alia, NYLL Article 19, § 650, et seq. and § 663, and the supporting New York State Department of Labor Regulations.

145. As a result of Defendants' violations of the NYLL, Plaintiff and Hourly Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as provided by law pursuant to NYLL Article 6, § 190, et seq., Article 19, § 650, et seq., and the supporting regulations, including, inter alia, 12 NYCRR Part 142.

## FOURTH CAUSE OF ACTION: FAILURE TO TIMELY PAY WAGES
**Violation of NYLL Article 6, § 191**
**(Brought on Behalf of Plaintiff and the Hourly Class)**

146. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

147. Under New York law, specifically, NYLL § 191, wages must be paid in full to manual workers weekly and not later than seven (7) calendar days after the end of the week in which the wages are earned; and manual workers for non-profit entities must be paid in accordance with their agreed terms of employment but not less frequently than semi-monthly.

148. Under New York law, specifically NYLL § 191, wages must be paid in full to workers who are not a manual worker, railroad worker, or commissioned salesman in accordance with their agreed terms of employment but not less frequently than semi-monthly, on regular pay days designated in advance by the employer.

149. Under New York law, specifically NYLL § 191, employees whose employment has ended are entitled to be paid no later than the pay day on which their next pay would have been due had they still been employed.

///

150. Plaintiff is informed and believes that, as a result of the conduct alleged herein, including, inter alia, Defendants' failure to pay proper wages for all hours worked by Plaintiff and Hourly Class Members and to reimburse business expenses incurred by Plaintiff and Hourly Class Members, Defendants failed to pay Plaintiff and Hourly Class Members whose employment has ended all compensation to which they were entitled to be paid, no later than the pay day on which their next pay would have been due had they still been employed.

151. The timely payment of wages provisions in NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff and Hourly Class Members.

152. Defendants failed to pay Plaintiff and Hourly Class Members on a timely basis as required by NYLL § 191.

153. As a result of Defendants' violations of the NYLL, Plaintiff and Hourly Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as provided by law pursuant to NYLL Article 6, § 190, et seq., Article 19, § 650, et seq., and the supporting regulations, including, inter alia, 12 NYCRR Part 142.

## FIFTH CAUSE OF ACTION: NOTICE UPON HIRING
**Violation of NYLL Article 6, § 195 (1)(a)**
**(Brought on Behalf of Plaintiff and the Hourly Class)**

154. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

155. NYLL § 195(1)(a) requires employers to provide their employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other (for all employees who are not exempt from overtime compensation as established in the Commissioner's minimum wage orders or otherwise provided by New York state law or

regulation, the notice must state the regular hourly rate and overtime rate of pay); allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the benefit portion of the minimum rate of home care aide total compensation as defined in section thirty-six hundred fourteen-c of the public health law ("home care aide benefits"), if applicable; prevailing wage supplements, if any, claimed as part of any prevailing wage or similar requirement pursuant to NYLL Article 8, § 220, et seq.; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

156. NYLL § 195(1)(a) further requires that, each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of such notice, which the employer shall preserve and maintain for six (6) years.

157. NYLL § 195(2) further requires that an employer notify their employees in writing of any changes to the information required by NYLL § 195(1) at least seven (7) calendar days prior to the time of such changes, unless such changes are reflected on the wage statement furnished in accordance with NYLL § 195(3).

158. Defendants failed to adequately provide Plaintiff and Hourly Class Members notice upon hiring as required by NYLL § 195(1)(a).

159. Defendants failed to adequately provide Plaintiff and Hourly Class Members notice as required by NYLL § 195(2).

160. Defendants' failure to comply with NYLL § 195 was willful.

161. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL Article 6 requirement to provide notice upon hiring as detailed in this Complaint.

162. As a result of Defendants' violations of the NYLL, Plaintiff and Hourly Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery

of such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as provided by law pursuant to NYLL Article 6, § 190, et seq., Article 19, § 650, et seq., and the supporting regulations, including, inter alia, 12 NYCRR Part 142.

## SIXTH CAUSE OF ACTION: WAGE STATEMENTS
**Violation of NYLL Article 6, § 195(3)**
**(Brought on behalf of Plaintiff and the Hourly Class)**

163. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

164. NYLL § 195(3) requires that employers furnish non-exempt employees with a statement with every payment of wages listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other (for all employees paid a piece rate, the statement shall include the applicable piece rate or rates of pay and number of pieces completed at each piece rate); gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the benefit portion of the minimum rate of home care aide total compensation as defined in section thirty-six hundred fourteen-c of the public health law ("home care aide benefits"), if applicable; prevailing wage supplements, if any, claimed as part of any prevailing wage or similar requirement pursuant to article eight of this chapter; and net wages. Where such prevailing wage supplements are claimed, or such home care aide benefits are provided, the statement shall either: (i) identify the type of each supplement claimed, or the type of each home care aide benefits provided, and the hourly rate for each; or (ii) be accompanied by a copy of the applicable notice required under NYLL § 195(1) and (2). For all employees who are not exempt from overtime compensation as established in the Commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked.

165. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL § 195(3) requirement to provide accurate wage statements as detailed in this complaint.

166. Defendants' failure to comply with NYLL § 195(3) was willful.

167. As a result of Defendants' violations of the NYLL, Plaintiff and Hourly Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as provided by law pursuant to NYLL Article 6, § 190, et seq., Article 19, § 650, et seq., and the supporting regulations, including, inter alia, 12 NYCRR Part 142.

**SEVENTH CAUSE OF ACTION: NEW YORK OVERTIME WAGES**
**Violation of NYLL Articles 6, § 190, and 19, § 650 *et seq.*, and Supporting Regulations, including, *inter alia*, 12 NYCRR Part 142**
**(Brought on Behalf of Plaintiff and the Salaried Class)**

168. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

169. Defendants failed to pay premium overtime wages to Plaintiff and Salaried Class Members in violation of NYLL Articles 6 and 19 and their implementing regulations, including, but not limited to, 12 NYCRR Part 142.

170. Defendants have engaged in a widespread pattern, policy, and practice of violating NYLL Articles 6 and 19 and their implementing regulations, as detailed in this Complaint.

171. Plaintiff and Salaried Class Members worked over forty (40) hours in workweeks and were not compensated for all of the overtime hours worked.

172. Defendants failed to keep accurate records of time worked by Plaintiff and Salaried Class Members.

173. Defendants did not make a good faith effort to comply with New York law with respect to Defendants' compensation of Plaintiff and Salaried Class Members.

///

174. As a result of Defendants' violations of New York law, Plaintiff and Salaried Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other relief as provided by law pursuant to NYLL Article 6, § 190, et seq., Article 19, § 650, et seq., and the supporting regulations, including, inter alia, 12 NYCRR Part 142.

**<u>EIGHTH CAUSE OF ACTION: NEW YORK NON-OVERTIME WAGES</u>**
**Violation of NYLL Articles 6 and 19, § 650 *et seq.* and Applicable Wage Orders, including, *inter alia*, 12 NYCRR Part 142**
**(Brought on Behalf of Plaintiff and the Salaried Class)**

175. Plaintiff realleges and incorporates by reference all preceding allegations in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

176. Defendants have engaged in a widespread pattern, policy, and practice of violating New York law, as detailed in this Complaint.

177. Defendants failed to pay Plaintiff and Salaried Class Members non-overtime wages, including minimum and regular wages, uniform maintenance pay, and reimbursement for business expenses (e.g., uniforms, personal cellphone usage, tools), to which they are entitled under New York law, including, inter alia, NYLL Art. 19 § 650, et seq. and § 663, and the applicable Wage Order, including, inter alia, 12 NYCRR Part 142.

178. By engaging in the conduct alleged herein, Defendants willfully failed to pay Plaintiff and Salaried Class Members promised wages for all hours worked, in violation of New York labor law, including, inter alia, NYLL Article 6, §§ 193 and 198, which only permits deductions from and/or reductions of wages for certain enumerated purposes where such deduction and/or reductions are authorized in writing and for the benefit of the employee. The failure to pay promised wages constitutes wage theft as a full deduction and/or reduction from wages of an employee.

179. Defendants' failure to pay required wages to Plaintiff and Salaried Class Members as set forth above was willful within the meaning of NYLL Article 6, §§ 193 and 198.

180. Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and Salaried Class Members.

181. Defendants lacked a good faith basis, within the meaning of NYLL § 663, to believe Defendants' failure to pay Plaintiff and Salaried Class Members' minimum and regular wages complied with New York law.

182. Through their knowing or intentional failure to pay Plaintiff and Salaried Class Members wages for all hours worked at the appropriate rate, Defendants have willfully violated New York law, including, inter alia, NYLL Article 19, § 650, et seq. and § 663, and the supporting New York State Department of Labor Regulations.

183. As a result of Defendants' violations of the NYLL, Plaintiff and Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as provided by law pursuant to NYLL Article 6, § 190, et seq., Article 19, § 650, et seq., and the supporting regulations, including, inter alia, 12 NYCRR Part 142.

## NINTH CAUSE OF ACTION: FAILURE TO TIMELY PAY WAGES
**Violation of NYLL Article 6, § 191**
**(Brought on Behalf of Plaintiff and the Salaried Class)**

184. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

185. Under New York law, specifically, NYLL § 191, wages must be paid in full to manual workers weekly and not later than seven (7) calendar days after the end of the week in which the wages are earned; and manual workers for non-profit entities must be paid in accordance with their agreed terms of employment but not less frequently than semi-monthly.

186. Under New York law, specifically NYLL § 191, wages must be paid in full to workers who are not a manual worker, railroad worker, or commissioned salesman in accordance

with their agreed terms of employment but not less frequently than semi-monthly, on regular pay days designated in advance by the employer.

187. Under New York law, specifically NYLL § 191, employees whose employment has ended are entitled to be paid no later than the pay day on which their next pay would have been due had they still been employed.

188. Plaintiff is informed and believes that, as a result of the conduct alleged herein, including, inter alia, Defendants' failure to pay proper wages for all hours worked by Plaintiff and Salaried Class Members and to reimburse business expenses incurred by Plaintiff and Salaried Class Members, Defendants failed to pay Plaintiff and Salaried Class Members whose employment has ended all compensation to which they were entitled to be paid, no later than the pay day on which their next pay would have been due had they still been employed.

189. The timely payment of wages provisions in NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff and Salaried Class Members.

190. Defendants failed to pay Plaintiff and Salaried Class Members on a timely basis as required by NYLL § 191.

191. As a result of Defendants' violations of the NYLL, Plaintiff and Salaried Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as provided by law pursuant to NYLL Article 6, § 190, et seq., Article 19, § 650, et seq., and the supporting regulations, including, inter alia, 12 NYCRR Part 142.

## TENTH CAUSE OF ACTION: NOTICE UPON HIRING

**Violation of NYLL Article 6, § 195 (1)(a)**
**(Brought on Behalf of Plaintiff and the Salaried Class)**

192. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

///

193. NYLL § 195(1)(a) requires employers to provide their employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other (for all employees who are not exempt from overtime compensation as established in the Commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay); allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the benefit portion of the minimum rate of home care aide total compensation as defined in section thirty-six hundred fourteen-c of the public health law ("home care aide benefits"), if applicable; prevailing wage supplements, if any, claimed as part of any prevailing wage or similar requirement pursuant to NYLL Article 8, § 220, et seq.; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

194. NYLL § 195(1)(a) further requires that, each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of such notice, which the employer shall preserve and maintain for six (6) years.

195. NYLL § 195(2) further requires that an employer notify their employees in writing of any changes to the information required by NYLL § 195(1) at least seven (7) calendar days prior to the time of such changes, unless such changes are reflected on the wage statement furnished in accordance with NYLL § 195(3).

196. Defendants failed to adequately provide Plaintiff and Salaried Class Members notice upon hiring as required by NYLL § 195(1)(a).

197. Defendants failed to adequately provide Plaintiff and Salaried Class Members notice as required by NYLL § 195(2).

198. Defendants' failure to comply with NYLL § 195 was willful.

199. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL Article 6 requirement to provide notice upon hiring as detailed in this Complaint.

200. As a result of Defendants' violations of the NYLL, Plaintiff and Salaried Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as provided by law pursuant to NYLL Article 6, § 190, et seq., Article 19, § 650, et seq., and the supporting regulations, including, inter alia, 12 NYCRR Part 142.

## ELEVENTH CAUSE OF ACTION: WAGE STATEMENTS
**Violation of NYLL Article 6, § 195(3)**
**(Brought on behalf of Plaintiff and the Salaried Class)**

201. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

202. NYLL § 195(3) requires that employers furnish non-exempt employees with a statement with every payment of wages listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other (for all employees paid a piece rate, the statement shall include the applicable piece rate or rates of pay and number of pieces completed at each piece rate); gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the benefit portion of the minimum rate of home care aide total compensation as defined in section thirty-six hundred fourteen-c of the public health law ("home care aide benefits"), if applicable; prevailing wage supplements, if any, claimed as part of any prevailing wage or similar requirement pursuant to article eight of this chapter; and net wages. Where such prevailing wage supplements are claimed,

or such home care aide benefits are provided, the statement shall either: (i) identify the type of each supplement claimed, or the type of each home care aide benefits provided, and the hourly rate for each; or (ii) be accompanied by a copy of the applicable notice required under NYLL § 195(1) and (2). For all employees who are not exempt from overtime compensation as established in the Commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked.

203. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL § 195(3) requirement to provide accurate wage statements as detailed in this complaint.

204. Defendants' failure to comply with NYLL § 195(3) was willful.

205. As a result of Defendants' violations of the NYLL, Plaintiff and Salaried Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as provided by law pursuant to NYLL Article 6, § 190, et seq., Article 19, § 650, et seq., and the supporting regulations, including, inter alia, 12 NYCRR Part 142.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated individuals, prays for the following relief:

A. Designation of this action as a collective action on behalf of FLSA Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in collective, apprising them of the pendency of this action, and permitting them to assert timely claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Certification of this case as a class action on behalf of Class Members pursuant to NY CPLR § 901;

C. Designation of Plaintiff as representative of the Classes;

///

D. Designation of Plaintiff's counsel of record as counsel for the Classes ("Class Counsel");

E. That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail, and telephone numbers) of all members of the Classes;

F. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*, New York law, including, *inter alia*, NYLL Article 6, § 190, *et seq.*, Article 19, § 650, *et seq.*, and/or the supporting New York State Department of Labor Regulations;

G. An award of damages, including unpaid wages, liquidated damages, and restitution to be paid by Defendants, according to proof;

H. Appropriate equitable and injunctive relief to remedy violations, including but not limited to, an order enjoining Defendants from continuing their unlawful practices;

I. Penalties, as provided by law;

J. Pre-judgment and post-judgment interest, as provided by law; and

K. Attorneys' fees and costs incurred in the action, including expert fees, as provided by law;

L. Reasonable service awards for the named plaintiffs to compensate them for the time they spent attempting to recover wages for the FLSA Collective and/or the Class, and for the risks they took in doing so; and

M. Such other and further relief as this Court deems just and proper.

///

///

///

///

///

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of all others similarly situated, requests a trial by jury.

Dated: October 16, 2026

**LAWYERS *for* JUSTICE, P.C.**

By: */s/ Joanna Ghosh*

Joanna Ghosh
**LAWYERS *for* JUSTICE, P.C.**
217 Broadway, Suite 511
New York, New York 10007
Telephone: (516) 587-8423
Facsimile: (818) 265-1021
joanna@calljustice.com

*Attorneys for Plaintiff, the Putative Classes, and the FLSA Collective*